UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHONDELL GREGORY CROCKER,<br><br>Plaintiff,<br><br>-against-<br><br>OLGAM LIFE LLC (STRATEGIC MANAGEMENT HR),<br><br>Defendant. | 1:25-CV-6507 (LLS)<br><br>ORDER TO AMEND |

LOUIS L. STANTON, United States District Judge:

Plaintiff Shondell Gregory Crocker, who appears *pro se*, initiated this action while he resided in Newark, New Jersey. He has, however, filed an amended complaint, which is the operative pleading for this action, that seems to indicate that he now resides in New York, New York.[1] Plaintiff sues "Olgam Life LLC (Strategic Management HR)" ("Olgam"), of New York, New York, asserting claims of race, color, sex, age, and disability-based employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). He seeks damages, fees, costs, and any other relief that the Court deems just and proper. Before Plaintiff filed his amended complaint, he filed a motion to "appoint a court date for a status conference" (ECF 7), which is pending.

The Court construes Plaintiff's complaint as asserting: (1) claims of race, color, national origin, and sex-based employment discrimination under Title VII; (2) claims of race-based employment discrimination under 42 U.S.C. § 1981; (3) claims of age-based employment

[1] Plaintiff's original complaint and a subsequently filed change-of-address form indicate that Plaintiff resides in Newark, New Jersey. (ECF 1, 2.) His amended complaint, which he filed after he filed his original complaint and change-of-address form, however, seems to indicate that he now resides in New York, New York. (ECF 10, at 1.) Plaintiff has consented to electronic service of court documents. (ECF 3.)

discrimination under the Age Discrimination in Employment Act of 1967 (“ADEA”); (4) claims of disability-based employment discrimination under Title I of the Americans with Disabilities Act of 1990 (“ADA”); and (5) claims of employment discrimination based on all of the abovementioned protected classes under the New York State and City Human Rights Laws (“NYSHRL” and “NYCHRL”). For the reasons set forth below, the Court grants Plaintiff leave to file a second amended complaint within 30 days of the date of this order and denies Plaintiff’s pending motion.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the “strongest [claims] that they *suggest*,” *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the “special solicitude” in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure (“Rule 8”), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief “that is plausible on its face.” *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

The following facts are drawn from Plaintiff's amended complaint:[2] In or about July 2024, July 2025, and July 2026, Plaintiff applied for employment with Olgam. He "met or exceeded the qualifications for the [unspecified] position sought." (ECF 10, at 2.) Olgam, "through its agents or employees[,] specifically Deanna Chiles," who was assigned to an office in the Bronx, New York, "'managers' [s]tationed at" another location in the Bronx, and other Olgam employees at other locations "denied [Plaintiff] employment and/or subjected [him] to disparate treatment based on race (AMERICAN), color (BLACK), sex (MALE) not transgender or gay, age (18-45), disability, obviously because Plaintiff is a BLACK AMERICAN MALE." (*Id.*) Plaintiff states that Olgam "hired lesser qualified individuals outside of Plaintiff's protected class, or treated Plaintiff less favorably in terms, conditions, or privileges of employment." (*Id.*) He also states that the Olgam "primarily hires [light] skinned males [and] females with

[2] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the amended complaint unless otherwise noted.

ENHANCED BODIES, Hispanics, Carri[b]eans, Hebrew males [and] females, Immigrants or FRESHLY IMPORTED IMMIGRANTS." (*Id.*)

Plaintiff describes Olgam as a "PLANTATION . . . [that] abuses ALL individuals and/or families by deception. $50.00 - $60.00 for plasma, which is simply for profit, is an egregious act." (*Id.*) He also states that "the process to extract the plasma causes convulsions, seizures or can potentially lead to death." (*Id.*) "Plaintiff suffered loss of employment opportunities, lost wages, reputational harm, emotional distress and confusion within [his] family." (*Id.*) He further states that that Olgam discriminated against him "in hiring and/or conditions of employment because of Plaintiff's BLACK AMERICAN MALE STATUS." (*Id.*)

## DISCUSSION

### A. Title VII and under 42 U.S.C. § 1981

Title VII prohibits an employer from discriminating against an employee or a potential employee because of that person's race, color, religion, sex,[3] or national origin. *See* 42 U.S.C. §2000e-2(a). Section 1981 prohibits discrimination "on account of [a person's] race, ancestry, or ethnic characteristics."[4] *Zemsky v. City of New York*, 821 F.2d 148, 150 (2d Cir. 1987).

---

[3] A person's sexual orientation or gender affiliation is a protected characteristic under Title VII, as it falls within the protected characteristic of a person's sex. *See Bostock v. Clayton Cnty.*, 590 U.S. 644 (2020).

[4] "Section 1981 sets forth a remedy for employment discrimination that is independent of Title VII . . . ." *Ofori-Tenkorang v. Am. Int'l Grp., Inc.*, 460 F.3d 296, 300 (2d Cir. 2006). It "provides that '[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens.'" *Id.* (quoting 42 U.S.C. § 1981(a)). "Subsection (c) [of Section 1981] explicitly applies . . . to private discrimination and subsection (b) explicitly asserts that the term make and enforce contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." *Id.* at 301 (quoting § 1981(b) (internal quotation marks omitted)). The protections of Section 1981 cover all contracts, including employment agreements. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 (1994).

To state a claim of employment discrimination under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

To state a claim of discrimination under Section 1981, a plaintiff must allege facts showing: "(1) [the] plaintiff[] [is a] member[] of a racial minority; (2) [the] defendant['s] intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta,* 221 F.3d 329, 339 (2d Cir. 2000). "[A] plaintiff must . . . plead . . . that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 341 (2020). "Accordingly, [for a claim of discrimination under Section 1981,] it is insufficient to merely plead that race was a motivating factor in the discriminatory action." *Brown v. Montefiore Med. Ctr.*, No. 19-CV-11474 (ALC), 2021 WL 1163797, at *5 (S.D.N.Y. Mar. 25, 2021) (citing *Comcast Corp.*, 589 U.S. at 336-39).

**B. ADEA**

The ADEA "prohibits discrimination in employment on the basis of age against persons aged 40 or older." *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194 (2d Cir. 2007) (citing 29 U.S.C. §§ 623(a)(1), 631(a)). To state a claim of employment discrimination under this statute, a plaintiff must allege facts showing that his age was the "but-for" cause of the employer's adverse employment action against him. *See Vega*, 801 F.3d at 86 (quoting *Gross v. FBL Fins. Servs., Inc.*, 557 U.S. 167, 177 (2009)).

### C. Title I of the ADA

Title I of the ADA "prohibits employers from 'discriminat[ing] against a qualified individual *on the basis* of disability in regard to . . . the hiring, advancement, or discharge of employees.'"[5] *Natofsky v. City of New York*, 921 F.3d 337, 346 (2d Cir. 2019) (quoting 42 U.S.C. § 12112(a)). To state a claim of employment discrimination under Title I of the ADA, a plaintiff must allege that:

> (1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by [the] employer; (3) []he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) []he suffered an adverse employment action; and (5) the adverse action was imposed because of [his] disability.

*Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015). The causation standard for claims of employment discrimination brought under Title I of the ADA is a "but-for" standard; a plaintiff must allege that, but for his disability, the defendant would not have discriminated against him. *See Natofsky*, 921 F.3d at 347-50.

### D. NYSHRL and NYCHRL

The NYSHRL prohibits an employer from:

> because of an individual's age, race, creed, color, national origin, citizenship or immigration status, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, . . . refus[ing] to hire or employ or . . . bar[ring] or . . .  discharge[ing] from employment such individual or . . . discriminat[ing] against such individual in compensation or in terms, conditions or privileges of employment.

N.Y. Exec. Law § 296(1)(a).

---

[5] For the purpose of claims of employment discrimination under the ADA, a "disability" is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

The NYCHRL prohibits an employer from:

> because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service, height, weight, or immigration or citizenship status of any person:
> (1) . . . represent[ing] that any employment or position is not available when in fact it is available; (2) . . . refus[ing] to hire or employ or to bar or to discharge from employment such person; or (3) . . . discriminat[ing] against such person in compensation or in terms, conditions or privileges of employment.

N.Y.C. Admin. Code § 8-107(1)(a).

"Employment discrimination claims brought pursuant to the [NYSHRL and the] NYCHRL require the plaintiff to plausibly allege that he was 'treated less well than other employees [or potential employees] because of' a protected characteristic." *Gehlaut v. N.Y.C. Dep't of Educ.*, No. 24-1741, 2025 WL 2586770, at *2 (2d Cir. Sept. 8, 2025) (summary order) (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013)); *see also* N.Y. Exec. Law § 300 ("The provisions of [the NYSHRL] shall be construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws . . . have been so construed."); *Qorrolli v. Metro. Dental Assocs.*, 124 F.4th 115, 122-23 (2d Cir. 2024) ("The NYSHRL historically utilized the same standard as Title VII, but it was amended in 2019 to align with the NYCHRL's more liberal pleading standard. (citing N.Y. Exec. Law § 300)). Allegations asserting such claims cannot, however, lack such detail as to be conclusory. *See Pullman v. Collins*, No. 7:24-CV-1383 (KMK), 2025 WL 2673807, at *15 (S.D.N.Y. Sept. 18, 2025) (noting that, "'even under the more lenient requirements of the NYCHRL [and NYSHRL], plaintiff[s'] claims must be more than conclusory or speculative to survive a motion to dismiss'" (citations omitted)).

### E. Analysis

Plaintiff's allegations about employment discrimination are conclusory and lack detail. With respect to his claims under Title VII, he alleges facts insufficient to show that his race, color, religion, sex, or national origin was a motivating factor in Olgam's alleged decision not to hire him. As to his claims under Section 1981, he similarly alleges facts insufficient to show that, but for his race, Olgam would have hired him. Plaintiff does not allege, for purposes of any claim of age-based employment discrimination under the ADEA that, at the time of Olgam's alleged decision not to hire him, he was 40 years of age or older and that, but for his age, Olgam would have hired him. In addition, with respect to his disability-based claims of employment discrimination under Title I of the ADA, he alleges nothing suggesting that, at the time that Olgam decided not to hire him, he was disabled for the purposes of the ADA and that, but for that disability, Olgam would have hired him. Finally, as to Plaintiff's claims of employment discrimination under the NYSHRL and the NYCHRL, Plaintiff does not allege facts sufficient to show that, based on any of the classes protected by either of those statutes, Olgam treated him less well than other applicants when it did not hire him. In sum, Plaintiff's allegations with respect to all of the abovementioned claims fail to state a claim on which relief may be granted,. *see* 28 U.S.C. § 1915(e)(2)(B)(ii), because they are conclusory and without detail. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file a second amended complaint in which to allege facts sufficient to state a claim of employment discrimination against Olgam under the abovementioned statutes.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claims of employment discrimination under the abovementioned statutes, the Court grants Plaintiff 30 days' leave to file a second amended complaint to detail his claims.

In the "Statement of Claim" section of the second amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against the Defendant. If Plaintiff has an address for the Defendant, Plaintiff must provide it. Plaintiff should include all of the information in the second amended complaint that Plaintiff wants the Court to consider in deciding whether the second amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each relevant person or entity did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's second amended complaint should tell the Court: (1) who violated his federally protected rights; (2) how, when, and where such violations occurred; and (3) why Plaintiff is entitled to relief.

Because Plaintiff's second amended complaint will completely replace, not supplement, the original complaint and the amended complaint, any facts or claims that Plaintiff wants to include from the original complaint and the amended complaint must be repeated in the second amended complaint.

**F. Referral to SDNY Federal Pro Se Legal Assistance Project**

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details is attached.[6]

## CONCLUSION

The Court grants Plaintiff leave to replead his claims, as specified above, in a second amended complaint to be filed within 30 days of the date of this order. A second amended complaint form for employment discrimination claims is attached to this order.

In light of the abovementioned defects in Plaintiff's amended complaint, the Court denies Plaintiff's motion to "appoint a court date for status conference." (ECF 7.) The Court, therefore, directs the Clerk of Court to terminate ECF 7.

[6] The CBJC is a private organization that is not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

If Plaintiff fails to file a second amended complaint within the time allowed, the Court will dismiss this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated: July 29, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.