UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHONDELL GREGORY CROCKER,

Plaintiff,

-against-

OLGAM LIFF LLC (STRATEGIC MANAGEMENT HR),

Defendant.

1:25-CV-6507 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

By order dated July 29, 2026, and entered on August 3, 2026, the Court granted Plaintiff, who appears *pro se* and proceeds *in forma pauperis* ("IFP"), 30 days' leave to file a second amended complaint, as specified in that order. (ECF 11.) On August 17, 2026, Plaintiff filed a second amended complaint purporting to assert claims of employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). (ECF 13.) Because Plaintiff's second amended complaint can be construed as asserting claims of employment discrimination based on his race, color, sex, age, and disability, the Court construes Plaintiff's second amended complaint—as the Court did in its previous order with respect to Plaintiff's amended complaint—as asserting claims of employment discrimination under Title VII, 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967 ("ADEA"), Title I of the Americans with Disabilities Act of 1990 ("ADA"), as well as claims of employment discrimination under the New York State and City Human Rights Laws ("NYSHRL" and "NYCHRL").

For the reasons set forth below, the Court dismisses this action.

## DISCUSSION

### A. Plaintiff's allegations in his second amended complaint fail to state a claim

In the Court's July 29, 2026 order, the Court set out the pleading requirements for claims of employment discrimination brought under Title VII, Section 1981, the ADEA, Title I of the ADA, and the NYSHRL and NYCHRL, and explained to Plaintiff why the allegations in his amended complaint failed to state such a claim under any of those statutes. (ECF 11, at 4-8.) The Court observed that Plaintiff's allegations in his amended complaint were "conclusory and lack[ed] detail." (*Id.* at 8.) Specifically, the Court held that:

> [w]ith respect to his claims under Title VII, [Plaintiff] allege[d] facts insufficient to show that his race, color, religion, sex, or national origin was a motivating factor in [the Defendant's] alleged decision not to hire him. As to his claims under Section 1981, he similarly allege[d] facts insufficient to show that, but for his race, [the Defendant] would have hired him. Plaintiff [did] not allege, for purposes of any claim of age-based employment discrimination under the ADEA that, at the time of [the Defendant's] alleged decision not to hire him, he was 40 years of age or older and that, but for his age, [the Defendant] would have hired him. In addition, with respect to his disability-based claims of employment discrimination under Title I of the ADA, he allege[d] nothing suggesting that, at the time that [the Defendant] decided not to hire him, he was disabled for the purposes of the ADA and that, but for that disability, [the Defendant] would have hired him. Finally, as to Plaintiff's claims of employment discrimination under the NYSHRL and the NYCHRL, Plaintiff [did] not allege facts sufficient to show that, based on any of the classes protected by either of those statutes, [the Defendant] treated him less well than other applicants when it did not hire him. In sum, Plaintiff's allegations with respect to all of the abovementioned claims fail[ed] to state a claim on which relief may be granted, because they [were] conclusory and without detail.

(*Id.*) The Court, however, granted Plaintiff leave to file a second amended complaint in which to allege facts sufficient to state a claim of employment discrimination against the Defendant under the abovementioned statutes. (*Id.*)

Plaintiff's second amended complaint fails to state a claim of employment discrimination under any of the abovementioned statutes for the same reasons his amended complaint failed to state such a claim—his allegations in his second amended complaint, which largely duplicate

those in his amended complaint, are conclusory and lack detail in the same manner as his allegations in his amended complaint. Accordingly, the Court dismisses all of Plaintiff's claims for failure to state a claim on which relief may be granted.[1] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Leave to amend further is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's second amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

**CONCLUSION**

The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: October 19, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

[1] Plaintiff's second amended complaint seems to allege that the Defendant either failed to hire Plaintiff or did hire him. (ECF 13, at 1-2.) Under either employment scenario, however, Plaintiff's allegations in his second amended complaint fail to satisfy the pleading requirements, as stated in the Court's July 29, 2026 order, to state a claim of employment discrimination under any of the abovementioned statutes.